IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| F., *by and through his parents,* MARY AND TOM FASNACHT<br><br>    Plaintiff,<br><br>v.<br><br>MISSOURI STATE BOARD OF EDUCTATION<br><br>MISSOURI DEPARTMENT OF ELEMENTARY AND SECONDARY EDUCATION<br><br>STATE SCHOOLS FOR THE SEVERELY HANDICAPPED<br><br>DUNKLIN R-V SCHOOL DISTRICT<br><br>LOUISE JEFFRIES<br><br>    Defendants. | )<br>)<br>)<br>)<br>)  Case No.<br>)<br>)<br>)  **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff, by and through counsel, files this Complaint against Defendants, and states as follows:

### INTRODUCTION

1. F. is a student, at all relevant times herein, enrolled at the Mapaville State School for the Severely Handicapped ("**Mapaville**"). F. has attended Mapaville since 2004. Mapaville is part of the Missouri "State School" system, operated by the Missouri Department of Elementary and Secondary Education.

1. F. has been diagnosed with Cortical Visual Impairment, Dandy Walker Syndrome, and Seizure Disorder, and is a severely handicapped person protected by relevant provisions of the Missouri and Federal Constitutions, the Rehabilitation Act, the Americans with

1

Disabilities Act, and the other state and federal law. Furthermore, F. is eligible to receive, and Mapaville is obligated to provide him with, special education services under the Individuals with Disabilities Education Act as amended, 20 U.S.C. § 1400, *et seq.* ("**IDEA**").

2. Defendants collectively have failed F. and violated their obligations to him through a persistent pattern of profound incompetence, willful neglect, gross misjudgment, and reckless indifference to his rights.

3. Mapaville has materially failed to implement necessary and critical components of F.'s educational program, as he has been subjected to verbal and physical abuse and neglect at school.

4. F. has been denied a free appropriate public education as required by Mo. Rev. Stat § 162.670, and the state and federal regulations implementing IDEA, in that the education provided is trivial, de minimis, meaningless, and of no educational benefit. Mapaville suffers from chronic inadequate supervision, staff apathy, lack of training, underskilled service providers, undertrained teachers and aides, and untended classrooms, all of which, among other things, result in an apathetic educational environment which has resulted in a trivial and meaningless education with resultant emotional, and at times physical, abuse of J.T. Among other things, the lack of sufficient support services and personalized instruction and the corresponding systemic failure to implement, develop, or effectuate Individualized Education Programs ("**IEP**"), results in a failure to provide a free appropriate public education ("**FAPE**").

5. F.'s claims for relief are the result of acts perpetrated by staff, administration, as well as state entities charged with duties under state and federal law. The school and relevant state entities are liable for the acts stated herein for failing to supervise their agents, and for its policy, practice, and custom of reckless indifference to instances of known and obvious

neglect, and failure to adhere to the public policy of the State of Missouri. The need for appropriate training, supervision, and staff placement is so obvious, the Department of Elementary and Secondary Education acted with deliberate indifference to F.'s rights.

6. Mapaville suffers from systemic inadequacies. Mapaville has evolved into a perfect storm of neglect, wherein staff has been unsupervised and unaccountable for failure to effectuate IEP goals or otherwise treat the students with human dignity. Staff curse and degrade parents in front of students. Almost twenty five percent (25%) of the students at Mapaville were pulled from the school in 2008 as a result of the systemic deprivations.[1]

7. The proximate result of the systemic problems is the denial of a FAPE, and the abridgement of other rights as denominated in this Complaint.

8. F.'s teachers and aides degraded him and his family during class time and in his presence, telling the Student to "shut up," and engaging in cursing tirades in class, disparaging his mother, disposing of his personal property without authority or justification, leaving him stranded on the toilet for inappropriate periods of time, and covering up such misdeeds.

---

1. [1] During Student's matriculation, the following conditions, among others, have been witnessed at Mapaville:
   - IEP goals are completely ignored for days at a time
   - Parents and students are degraded and humiliated in front of students by teachers and aides
   - Teachers and aides lack the physical, mental, and emotional capacity to provide support services, care, and oversight to effectuate IEP goals or otherwise provide a meaningful education
   - Students manhandled and mistreated
   - Teachers and Aides using profanity in front of students, cursing students, and directing them to "shut up"
   - Educational records falsified
   - School Nurse attempting to induce student into seizure by ringing bell in ear
   - Teachers and Aides unsupervised by administration
   - Students left unattended on toilets
   - Students left in wheelchairs all day without adequate physical exercise

9. F. filed an administrative due process complaint seeking an impartial hearing and relief tailored to his individual educational needs and the broad systemic problems at the school. Specifically, F. sought, at a minimum, (A) compensatory educational services, (B) the installation of supervisory audio/visual recording or streaming devices at public areas of the school, (C) all litigation costs and attorneys fees.

10. After conducting a hearing, the Chief Hearing Officer issued an Order finding that F. did not meet his burden of proof.

11. F. appeals that Order herein.

## THE PARTIES

12. Plaintiff F. ("**Student**") has been enrolled as a full-time student in the State School for the Severely Handicapped since 2004. Student is eligible to receive special education and related services pursuant to the IDEA, and is a protected individual pursuant to applicable provisions of the Missouri and Federal Constitutions, the Rehabilitation Act, and the Americans with Disabilities Act.

13. Defendant Missouri State Board of Education ("**State Board**") is the state agency responsible for supervising instruction in the public schools of the State of Missouri with general authority for public education in the State.

14. The Missouri Department of Elementary and Secondary Education ("**DESE**") is a state agency responsible for the accreditation and management of public schools in the State of Missouri. DESE likewise is charged with responsibility to supervise and operate the State Schools for the Severely Handicapped, including Mapaville.

15. State Schools for the Severely Handicapped ("**SSSH**" or "**Mapaville**") is a component department of DESE, which named itself as party Respondent in the captions to this matter in the administrative process below.

16. Defendant Dunklin R-V School District ("**District**") is a public school district organized under the laws of the State of Missouri located in Jefferson County, Missouri.

17. Defendant Louise Jeffries is a natural person residing in the State of Missouri. Ms. Jeffries was a teacher's aide at Mapaville at all relevant times herein.

18. At all times referenced herein, Defendants acted under color of the laws, statutes, regulations, policies, customs, practices and usages of the United States and the State of Missouri, and pursuant to their authority as public officials.

19. Defendants and each of them acted individually, and by and through their employees and agents who were at all times pertinent hereto acting within the scope of their agency and employment.

20. Upon information and belief, the Defendants, and each of them, maintain a policy of insurance with respect to tort claims filed against them, and therefore, to the extent that the Defendants may attempt assert a defense of sovereign immunity with respect to any claim raised herein, it has waived such claim under the provisions of § 537.610 R.S.Mo. by maintaining such policy of insurance.

## JURISDICTION AND VENUE

21. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331, in that the case arises under federal law, including the Individuals with Disabilities Education Act, as amended, 20 U.S.C. § 1400 *et seq.* ("**IDEA**"). 20 U.S.C. § 1415(i)(3)(A) and 28 U.S.C § 1331 expressly confer jurisdiction on this Court. To the extent asserted herein, this Court has supplemental jurisdiction to hear pendent state law claims under 28 U.S.C. § 1367.

22. Venue is proper in this Court under 20 U.S.C. § 1391(b) because the Defendants are located and can be found in Jefferson County, Missouri, which is within the jurisdiction of this

judicial district, and all of the events and omissions that are the subject of this Complaint occurred within this judicial district.

23. Plaintiff demands trial by jury on all claims triable by jury pursuant to Fed. R. Civ. P. 38 (b).

## PROCEEDINGS BELOW

24. Pursuant to 20 U.S.C. § 1415(b)(6) and 1415(f)(1), whenever there is an issue relating to the provision of a FAPE, a student may present a complaint to be heard in an ostensibly impartial administrative proceeding known as a "due process hearing," conducted by the state educational agency.[2]

25. Student, through his parent, filed a due process complaint on March 20, 2008.

26. SSSH filed its response essentially denying the allegations, but failing to respond with an explanation of why the school refused to take the action requested; failed to describe other options factor relevant to the school's action.

27. A due process hearing was held, and an Order was issued on August 29, 2008. A true and correct copy of the Due Process Order is attached hereto as Exhibit 1, and by this reference incorporated herein.

## FACTUAL ALLEGATIONS

28. Student was, at all relevant times herein, a student at Mapaville.

29. During the relevant time period, Student was neglected on a regular basis to sit without interaction.

30. Student's 2007-2008 IEP was not, in material and significant part, implemented.

---

[2] Normally, where a student matriculates in a school district, the student chooses a panel member, the school district chooses a panel member, and the state educational agency appoints a chairperson. Here, though, because the state educational agency operates the SSSH, it appointed two (2) members (i.e., a majority).

31. Student deserves compensatory educational services for the failure to implement his IEPs as required.

32. Whether or not his related services providers provided services during the relevant time period, Student's classroom instructors were required to be supplementing them to provide an educational benefit.

33. Increased related services minutes would provide a compensatory benefit based on lack of classroom instruction during the 2006-2008 school years.

34. Given the breakdown in communication between the staff and the parents, these related services minutes should be provided by an outside source-namely Jefferson Memorial Hospital Rehab ("**JMH**").

## CAUSES OF ACTION

## COUNT I

## (APPEAL OF DUE PROCESS ORDER)

35. The above allegations are incorporated as if fully set forth herein.

36. Student is a party aggrieved by the Due Process Order within the meaning of 20 U.S.C. § 1415(i)(2)(A).

37. The Order erred in failing to recognize the denial of a FAPE.

38. The Order erred in placing the burden of proof with respect to implementation of Student's IEP on Petitioner.

39. The Order erred in that the findings were based, primarily, on hearsay, and other incompetent evidence lacking an adequate foundation.

40. The Order erred because it was against the weight of the evidence.

41. The Order erred because it placed an improper standard of proof—namely, certainty, rather than an appropriate preponderance standard. *See* Exhibit 1, Page 30.

42. The Order erred for failing to find the necessity of incorporating independent observation with respect to Student's operative IEP.

43. The Order erred because Petitioner was denied leave to amend the Complaint to assert a procedural violation of IDEA for failure to produce a critical education record—an incident report—prior to the hearing.

44. The Order erred for failure to award the requested relief.

## COUNT II

## (§ 504 REHABILITATION ACT CLAIM)

## (SSSH, DESE, STATE BOARD, DISTRICT)

45. The above allegations are restated as if the same were fully set forth herein.

46. Student is a qualified individual with a disability under the Rehabilitation Act.

47. As a result of his disability, Student is unable to vocalize the neglect, abuse, and denial of FAPE at Mapaville.

48. In addition to the infirmities stated above, Mapaville, through the Department of Elementary and Secondary Education and State Board of Education, does not have an adequate supervisory apparatus, or adequate personnel, to ensure that students receive proper care or education.

49. Defendants knew about the inadequacies at Mapaville, and yet failed through a persistent pattern of intransigence to remedy the situation, and in fact covered up the apathetic educational environment, by a concealing the failure to implement Student's educational program.

50. Based on the above gross misjudgment, profound incompetence, inadequate supervision, and neglect, Student has been denied reasonable accommodations for him to receive the full benefits of his school program.

51. As a result of the above gross misjudgment, inadequate supervision, staffing, and neglect, Student has been excluded from the participation in, denied the benefits of, and subjected to intentional discrimination with respect to, his public education program.

52. The State School, by and through the Department of Elementary and Secondary Education, has failed to provide necessary oversight, accommodations, training, and other measures, and has done so based on Student's disability.

53. Defendants receive federal financial assistance.

54. Defendants discriminated against Student by virtue of its refusal to implement audio/video, independent monitoring and/or surveillance of classrooms, and the pattern and practice of inadequate funding of State Schools, including Mapaville.

55. Defendants discriminated against Student by excluding him from the District, and placing him in the State School program which suffers from systemic infirmities, and did so by reason of Student's disability.

56. Defendants failed to provide a free appropriate education to Student.

57. 24 hour audio and video surveillance (or some independent monitoring scheme) is a necessary and reasonable accommodation to permit adequate public oversight.

## COUNT III

## (AMERICANS WITH DISABILITIES ACT CLAIM)

## (SSSH, DESE, STATE BOARD, DISTRICT)

58. The above allegations are restated as if the same were fully set forth herein.

59. Student is a qualified individual with a disability under the Americans with Disabilities Act.

60. As a result of his disability, Student is unable to vocalize the neglect, abuse, and denial of FAPE at Mapaville.

61. In addition to the infirmities stated above, Mapaville, through the Department of Elementary and Secondary Education, do not have an adequate supervisory apparatus, or adequate personnel, to ensure that students receive proper care or education.

62. Based on the above inadequate supervision, neglect, and failure to provide FAPE, Student has been denied reasonable accommodations for him to receive the full benefits of his school program.

63. As a result of the above inadequate supervision, staffing, and neglect, Student has been excluded from the participation in, denied the benefits of, and subjected to discrimination with respect to, his public education program.

64. The State School, by and through the Department of Elementary and Secondary Education, has failed to provide necessary oversight, accommodations, training, and other measures, and has done so based on Student's disability.

65. The State School discriminated against Student by virtue of its refusal to implement audio/video, independent monitoring and/or surveillance of classrooms.

66. Defendants knew about the inadequacies at Mapaville, and yet failed through a persistent pattern of intransigence to remedy the situation, and in fact covered up the apathetic educational environment, by a hiding and failing to disclose the failure to implement Student's educational program.

67. 24 hour audio and video surveillance (or some independent monitoring scheme) is a necessary and reasonable accommodation to permit adequate public oversight.

## COUNT IV

### (U.S.C. § 1983 EQUAL PROTECTION CLAIM & PETITION FOR DECLARATORY RELIEF)

### (SSSH, DESE, STATE BOARD, DISTRICT)

68. The above allegations are restated as if the same were fully set forth herein.

69. Student received intentionally different treatment from other similarly situated individuals or groups in that, among other things, the State School does not provide the oversight, resources, training, or attention to its students that disabled students in school districts receive; furthermore, the State School does not receive funding adequate to provide educational services that similarly situated individuals or groups receive.

70. In addition to the infirmities stated above, the State Schools for the Severely Handicapped, through the Department of Elementary and Secondary Education, do not have an adequate supervisory apparatus, or adequate personnel, to ensure that students receive proper care or education.

71. The facts stated herein were in furtherance of an official policy or ratification of systematic practices which violate Student's well-established federal constitutional rights and the rights of children with disabilities, and are in deliberate indifference to those rights.

72. Defendants systematically failed to provide competent staff, to train its staff or to supervise its staff and contractors to prevent the deprivation of FAPE to Student, or to ensure the lack of discrimination in delivery of essential educational services.

73. Defendants discriminated against Student by virtue of its refusal to implement audio/video, independent monitoring and/or surveillance of classrooms, and the pattern and practice of inadequate funding of State Schools, including Mapaville.

74. Defendants discriminated against Student by excluding him from the District, and placing him in the State School program which suffers from systemic infirmities, and did so by reason of Student's disability.

75. Student has been damaged as a direct and proximate result of the Defendants' actions, causing physical pain, trauma, and regression, pain of the mind, including without limitation, mental anguish, inconvenience, humiliation, embarrassment, and loss of enjoyment of life.

## COUNT V

## (NEGLIGENCE)

## (SSSH, DESE, JEFFRIES)

76. The above allegations are restated as if fully set forth herein.

77. Defendant Jeffries permitted Student to fall on the concrete at a time when Jeffries was required to be holding his hand.

78. Jeffries breached her duty to Plaintiff, and was grossly negligent by:

    a. failing to hold Student's hand on the playground;

    b. failing to supervise Student on the playground;

    c. failing to take any measures to protect or rescue Plaintiff;

79. SSSH and DESE breached their duty to Plaintiff, and were grossly negligent by:

    a. recruiting and hiring Defendant Jeffries to be a teacher's aide;

    b. assigning Defendant Jeffries to work the playground;

    c. failing to adequately train Defendant Jeffries;

    d. failing to adequately monitor Defendant Jeffries;

    e. failing to retain well-qualified management and training personnel;

    f. failing to comply with all relevant laws and rules of the State of Missouri;

    g. failing to install a audio/video surveillance or similar monitoring equipment on the playground, in classrooms, and in hallways at the school.

80. As a direct and proximate result of the conduct of the Defendants, Plaintiff suffered severe mental and emotional distress and injury, and physical trauma and injury, including stitches on his head.

81. The Defendants' conduct showed such callous and conscious indifference for Plaintiff's welfare that the imposition of punitive damages is justified.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests Judgment as follows:

(A) Reverse the Due Process Order;

(B) Declare that the Order erred for the reasons stated herein, or for such reasons as the Court deems appropriate;

(C) Declare that Student was denied a FAPE from 2007 to 2008;

(D) Declare that Student's placement at the SSSH violates the federal equal protection clause;

(E) Order DESE to install audio/video surveillance of all classrooms and hallways at the State Schools for the Severely Handicapped, including the Mapaville State School;

(F) Order DESE to pay for compensatory educational services as requested at the hearing until his needs are met sufficiently;

(G) Award reimbursement for reasonable attorney's fees and costs incurred in connection with the due process proceeding and with this federal court action in an amount as determined in the discretion of this Court as authorized by 20 U.S.C. § 1415(i)(3)(B), and other federal claims asserted herein;

(H) Award Plaintiff actual damages in an amount that is fair and reasonable;

(I) For such other and further relief as this Court deems just and proper.

Respectfully submitted,


  /s/ Andrew W. Kuhlmann
Jonathan P. Beck #501736
Andrew W. Kuhlmann # 537132
The Law Offices of Jonathan P. Beck, LLC
3206 Shenandoah Avenue
St. Louis, Missouri  63104
Tel:  (314) 772-2889
Fax:  (314) 772-2892
jpbeck@jpbecklaw.com
akuhlmann@jpbecklaw.com