```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


F., by and through his parents,  )
MARY and TOM FASNACHT,           )
                                 )
            Plaintiff,           )
                                 )
       vs.                       )    No. 4:08CV1576-DJS
                                 )
MISSOURI STATE BOARD OF          )
EDUCATION, et al.,               )
                                 )
            Defendants.          )
```

## ORDER

Now before the Court are defendants Missouri Board of Education, Missouri Department of Elementary and Secondary Education, and State Schools for the Severely Handicapped's (collectively "State defendants") motion to dismiss the complaint of plaintiff F., brought by and through Mary and Tom Fasnacht, [Doc. #11]; defendant Dunklin R-V School District's ("defendant Dunklin") motion to dismiss plaintiff's complaint [Doc. #15]; and defendant Dunklin's supplemental motion to dismiss plaintiff's complaint [Doc. #26]. These matters are ripe for disposition.

### I. Standard of Review

In considering a motion to dismiss a complaint for failure to state a claim, the Court must assume all the facts alleged in the complaint are true, and must liberally construe the complaint in the light most favorable to the plaintiff. Schmedding v. Tnemec Co., 187 F.3d 862, 864 (8th Cir. 1999). A motion to

dismiss should not be granted unless it appears, beyond a doubt, that the plaintiff can prove no set of facts which would allow relief. Id. Thus, as a practical matter, a dismissal for failure to state a claim should be granted only in a case in which a plaintiff includes allegations that show, on the face of the complaint, some insuperable bar to relief. Id.

For a court to dismiss a complaint for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the defendant must successfully challenge the complaint either on its face or on the factual truthfulness of its averments. Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993). In a facial challenge to jurisdiction such as this, all factual allegations regarding jurisdiction are presumed true and the motion may only succeed if the plaintiff has failed to allege an element necessary for subject matter jurisdiction. Id. Dismissal for lack of subject matter jurisdiction will not be granted lightly. Wheeler v. St. Louis SW Ry. Co., 90 F.3d 327, 329 (8th Cir. 1996).

**II. Facts**

The following facts are those pled in plaintiff's complaint, and are accepted as true for purposes of this motion. Plaintiff is a severely handicapped person, who has been diagnosed with Cortical Visual Impairment, Dandy Walker Syndrome, and Seizure Disorder. Plaintiff is a student enrolled at Mapaville State

School for the Severely Handicapped ("Mapaville").[1] Plaintiff is eligible to receive, and Mapaville is obligated to provide him with, special education services under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §1400, et seq.

Plaintiff alleges that Mapaville employs an underskilled, undertrained, and undersupervised staff, that the Mapaville staff is apathetic, and that Mapaville classrooms sometimes go unattended. Plaintiff further alleges that he lacks sufficient support services and personalized instruction. Plaintiff alleges that Mapaville has materially failed to implement necessary and critical components of his educational program (his Individualized Education Program, "IEP"), and that he has been subjected to verbal and physical abuse.[2] Plaintiff states that these conditions have resulted in a failure to provide him with a free and appropriate education ("FAPE").

Plaintiff brought an administrative due process action seeking compensatory educational services and the installation of supervisory audio/visual equipment in public areas of the school. After a hearing, the chief hearing officer issued an order finding that plaintiff had not met his burden of proof, and that the relief

---

[1] Mapaville is part of the Missouri school system, and is operated by the Missouri Department of Elementary and Secondary Education.

[2] Plaintiff alleges that his teachers and aides have degraded him and his family during class time, told him to "shut up," engaged in cursing tirades in class, disposed of his personal property without authority or justification, and left him stranded on the toilet for inappropriate periods of time.

3

plaintiff sought would not be granted. Plaintiff subsequently filed his complaint with this Court.

### III. Discussion

Plaintiff asserts five causes of action against defendants. In Count I, plaintiff alleges that he is an aggrieved party as defined by the IDEA, and seeks to overturn the administrative order denying compensatory educational services and the installation of supervisory audio/visual recording devices in plaintiff's school. In Count II, plaintiff alleges that he is a qualified individual with a disability under section 504 of the Rehabilitation Act, 29 U.S.C. §794, and that, because of his disability, defendants have discriminated against him by failing to adequately fund the school, by placing him in a school that suffered from systematic infirmities, and by failing to install audio/visual surveillance equipment. Count III is brought pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 et seq., wherein plaintiff again alleges that defendants have discriminated against him because of his disability. Court IV asserts an equal protection claim pursuant to 42 U.S.C. §1983. Finally, Count V asserts a state law claim of negligence, alleging various negligent actions perpetrated by defendant Louise Jeffries, defendant Dunklin, and the State defendants.[3]

---

[3]The Court notes that a similar case involving the State defendants is pending in another court in this district. See J.T. v. Mo. State Bd. of Educ., Case No. 4:08CV1431-RWS.

The State defendants and defendant Dunklin have filed motions to dismiss all of the claims asserted against them by plaintiff. Defendants' arguments are discussed below.

**A. Plaintiff's Standing**

The State defendants argue that plaintiff lacks standing to assert claims on behalf of other students to remedy the systematic failures that exist at Mapaville. The Court agrees that as a general rule a party may not assert the rights or legal interests of others. Johnson v. Missouri, 142 F.3d 1087, 1090 (8th Cir. 1998) ("[A]s a general rule litigants are prevented from asserting the rights or legal interests of others in order to obtain relief from injury to themselves." (quotation omitted)). However, plaintiff alleges in his complaint that defendants failed to provide him with sufficient support services and personalized instruction, and that defendants have materially failed to implement necessary and critical components of his IEP. Accordingly, the Court finds that while some of plaintiff's claims address comprehensive problems at Mapaville, these facts are alleged not to seek relief for others, but rather as support for his own claims.

**B. Named Defendants**

The State defendants also argue that plaintiff cannot split his claims among three state defendants because they are a single entity, and therefore there is only one defendant, the State

of Missouri, through the Missouri Board of Education, the Missouri Department of Elementary and Secondary Education, and the State Schools for the Severely Handicapped. Further, the State defendants contend that the State Board cannot be subject to suit.

State law permits lawsuits against defendant State Board. See Bd. of Educ. v. Mo. State Bd. of Educ., 271 S.W.3d 1 (Mo. 2008). Therefore, the suit against defendant State Board cannot be dismissed on the basis that it is not subject to suit. Similarly, there are at least two decisions of the Missouri Supreme Court where defendant State Board and defendant Department of Elementary and Secondary Education are sued as separate parties in the same action, and the Court will not dismiss defendant Department of Elementary and Secondary Education on the basis that it and the State Board are part of a single entity. See id.; McEuen v. Mo. State Bd. of Educ. & Mo. Dep't of Elementary & Secondary Educ., 120 S.W.3d 207 (Mo. 2003). Finally, the Court notes that defendant State Schools for the Severely Handicapped has engaged in litigation both as a party-plaintiff and as a party-defendant. See, e.g., Mo. Dep't of Elementary and Secondary Educ. v. Springfield R-12 Sch. Dist., 358 F.3d 992 (8th Cir. 2004); Strawn v. Mo. State Bd. of Educ., 210 F.3d 954 (8th Cir. 2000). Accordingly, the Court will not dismiss defendant State Schools for the Severely Handicapped. Plaintiff's suit may be maintained against all three State defendants.

**C. The IDEA**

The IDEA is a federal statute that ensures "that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs." Neosho R-V Sch. Dist. v. Clark, 315 F.3d 1022, 1026 (8th Cir. 2003) (quoting 20 U.S.C. §1400(d)(1)(A)). States accepting federal funding under the IDEA must provide a disabled student with a "free appropriate public education." To wit, the procedures set forth in the IDEA provide that the entity responsible for a disabled student's education "must form a team to formulate an individualized education program in light of the child's abilities and parental views about the child's education." Mo. Dept. of Elementary & Secondary Educ., 358 F.3d at 999. Consistent with the purpose of the IDEA, a qualified disabled student must be provided with special education and related services. See 20 U.S.C. §1400(d)(1)(A).

School districts and state education departments may be held liable for failing to meet their obligations under the IDEA. See 20 U.S.C. §1415(a), (i)(2)(A). Parents of a disabled student have the right to an administrative hearing to evaluate the decisions made regarding that student's education program. See Gill v. Columbia Sch. Dist., 217 F.3d 1027, 1035 (8th Cir. 2000). Under the IDEA, if a parent believes that the administrative

hearing resulted in an improper finding, that parent "may appeal from the state administrative proceedings to a federal district court." Sch. Bd. of Independent Sch. Dist. No. 11 v. Renollett, 440 F.3d 1007, 1010 (8th Cir. 2006) (citing 20 U.S.C. §1415(i)(2)(A)). A claim brought by the parent of a disabled student under the IDEA must relate to that student's rights under the federal statute. In reviewing such a claim, a district court engages in a twofold inquiry, analyzing whether (1) the State has "complied with the procedures set forth in the Act" and (2) the individualized education program is "reasonably calculated to enable the child to receive educational benefits." Mo. Dept. of Elementary & Secondary Educ., 358 F.3d at 999.

Under the IDEA, a qualified disabled student is to receive special education and related services, such as transportation, and such developmental, corrective, and other supportive services (including speech pathology and audiology, psychological services, physical and occupational therapy, recreation, including therapeutic recreation, social work services, counseling services, including rehabilitation counseling, and medical services, except that such medical services shall be for diagnostic and evaluation purposes only) as may be required to assist a child with a disability to benefit from special education. 20 U.S.C. §1401(26)(A); see Cedar Rapids Cmty. Sch. Dist. v. Garret F., 526 U.S. 66, 68 & n.1 (1999). If a court finds that the required education and services have not been provided to the student, it

may order that the appropriate education or services be provided. Further, if a student is successful on his or her claim that a defendant failed to provide a free appropriate public education, that student may recover compensatory educational services to replace the services the defendants were obligated to provide. Miener v. Missouri, 800 F.2d 749, 754 (8th Cir. 1986).  However, a plaintiff cannot recover either compensatory or punitive damages based on violations the IDEA.  Bradley v. Ark. Dept. of Educ., 301 F.3d 952, 957 (8th Cir. 2002).

In this case, plaintiff alleges that Mapaville has materially failed to implement necessary and critical components of plaintiff's IEP, which has resulted in a failure to provide him with a free and appropriate education.  Plaintiff argues that audio/visual surveillance equipment is a "related service" and is necessary to observe the provision of plaintiff's FAPE, as well as to monitor plaintiff's safety.  The State defendants, however, argue that plaintiff's IDEA claim fails because, as a matter of law, audio/visual surveillance equipment is not an absolute necessity or requirement for plaintiff's continued education, nor can it be considered an assistive technology or service.  The issue, therefore, is whether the requested audio/visual surveillance equipment may be a required "related service" to assist plaintiff in benefitting from his special education.

No discovery has yet been conducted in this case.  It is the finding of the Court, therefore, that at this early stage in

9

the litigation, the Court cannot say whether the audio/visual surveillance equipment plaintiff requests is or is not a "related service" as provided for by the IDEA. Accordingly, the Court will not dismiss plaintiff's claim on this basis.

**D. Exhaustion of the IDEA Claim**

The IDEA requires a parent, dissatisfied with an educational decision regarding his or her child, to exhaust state administrative remedies before proceeding to federal court.[4] Birmingham v. Omaha Sch. Dist., 220 F.3d 850, 854 (8th Cir. 2000). Whether exhaustion of state administrative remedies is a jurisdictional requirement under the IDEA, or whether such exhaustion is a condition precedent for filing an IDEA lawsuit has not been directly decided in the Eighth Circuit. Nevertheless, a court in this district has concluded that the issue is one of subject matter jurisdiction, and that the question goes directly to the power of a court to hear the case. J.T. v. Mo. State Bd. of Ed., Case No. 4:08CV1431-RWS, 2009 WL 262056, at *3 (E.D. Mo. Feb. 4, 2009) (Sippel, J.). The Court will accordingly treat defendant Dunklin's motion as a motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

---

[4] A plaintiff may bring an IDEA claim directly to federal court when exhaustion would be futile. See Birmingham v. Omaha Sch. Dist., 220 F.3d 850, 854 (8th Cir. 2000) (citing Honig v. Doe, 484 U.S. 305, 326-27 (1988)).

Defendant Dunlin argues that, because plaintiff did not name defendant Dunklin in his administrative complaint, he has not exhausted the IDEA's administrative remedies prior to bringing the instant action. Accordingly, defendant Dunklin seeks to dismiss plaintiff's IDEA claim for the reason that plaintiff failed to first exhaust his administrative remedies. Plaintiff, on the other hand, argues that his allegations as directed to defendant Dunklin are different than those asserted against the State defendants, and that he "does not assert an IDEA claim against Dunklin." Doc. #17, p. 7.

Similar to J.T., 2009 WL 262056, at *3, the Court finds that plaintiff does not assert an IDEA claim against defendant Dunklin. Rather, plaintiff's IDEA claim is brought against those parties named in his administrative complaint. Therefore there is no IDEA claim against defendant Dunklin to dismiss.

**E. Exhaustion of Administrative Remedies for Other Federal Claims**

The IDEA's exhaustion requirement is not limited to claims brought under the IDEA. The IDEA states that

> Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990 [42 U.S.C.A. §12101 et seq.], Title V of the Rehabilitation Act of 1973 [29 U.S.C.A. §791 et seq.], or other Federal laws protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) of this section shall be exhausted to the

> same extent as would be required had the action been brought under this subchapter.

20 U.S.C. 1415(l). The IDEA exhaustion requirement "applies to claims brought under...federal statutes only to the extent that those claims seek relief that is also available under the IDEA." M.Y. v. Special Sch. Dist. No. 1, 544 F.3d 885, 888 (8th Cir. 2008). Therefore, when evaluating whether a non-IDEA claim should be dismissed for failure to exhaust administrative remedies, a court should look at the complaint's prayer for relief with regard to that claim. That is, "[t]he issue...is whether [the plaintiff's] discrimination claims relate to the IEP process or is 'wholly unrelated' to that process." J.T., 2009 WL 262056, at *4; see also M.P. v. Independent Sch. Dist. No. 721, 439 F.3d 865, 868 (8th Cir. 2006) (finding that a right of action for damages under the Rehabilitation Act existed where the claim against the defendant was "wholly unrelated to the IEP process, which involves individual identification, evaluation, educational placement, and free, appropriate education (FAPE) decisions").

In this case, defendant Dunklin argues that all of plaintiff's allegations relate exclusively to the implementation of his IEP process and therefore are questions related to the provision of a FAPE. Defendant Dunklin argues that all of these claims should have been brought under the IDEA, and therefore are subject to its exhaustion requirement.

The Court finds that defendant Dunklin's motion is a facial challenge to plaintiff's complaint pursuant to Rule 12(b)(1). As such, the Court will presume as true all factual allegations regarding jurisdiction. Plaintiff, in pleading his non-IDEA claims, does not aver that the remedy for such claims involves altering defendants' decisions regarding plaintiff's individual identification, evaluation, educational placement, or FAPE. This is in contrast to Count I of plaintiff's complaint, wherein he seeks to remedy the alleged errors made in the administrative order, and which do involve defendants' decisions regarding plaintiff's individual identification, evaluation, educational placement, and FAPE. As alleged in his complaint, plaintiff's non-IDEA claims implicate defendants' alleged discrimination and denial of reasonable accommodations. At this early stage of the litigation, the Court will not find that plaintiff's non-IDEA claims should be dismissed for failure to exhaust administrative remedies.

**F. The Rehabilitation Act and ADA**

Both the Rehabilitation Act and the ADA prohibit discrimination in the provision of public services based on a disability. See 29 U.S.C. §794(a) ("No otherwise qualified individual with a disability...shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any

13

program or activity receiving Federal financial assistance...."); 42 U.S.C. §12132 ("[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."). Apart from the Rehabilitation Act's limitation to denials of benefits "solely" by reason of disability and its reach of only federally funded grants and programs, "the reach and requirements of both statutes are precisely the same." Weixel v. Bd. of Educ., 287 F.3d 138, 146 n.6 (2d Cir. 2002).

For both claims, a plaintiff must sufficiently allege three elements to establish a prima facie case. First, that the plaintiff "is a qualified individual with a disability"; second, that the plaintiff "was denied the benefits of a program or activity"; and third, that the plaintiff "was discriminated against based on [his] disability." M.P., 439 F.3d at 867 (quotation omitted).[5] Accordingly, at this early stage of the litigation, plaintiff's complaint is sufficient to withstand dismissal if it alleges that plaintiff has a qualifying disability under the statutes, that he is otherwise qualified for the benefit that has

---

[5] In the Eighth Circuit, "[t]he plaintiff must also allege bad faith or gross misjudgment to make a successful [Rehabilitation Act] violation claim." M.P., 439 F.3d at 867. The Court notes that plaintiff alleges in Count II of his complaint that it was defendants' gross misjudgment, profound incompetence, inadequate supervision, and negligent conduct that caused the failure to implement plaintiff's educational program.

14

been denied, and that he has been denied the benefit by reason of his disability.

The State defendants argue that plaintiff fails to state a claim upon which relief may be granted with regard to plaintiff's Rehabilitation Act and ADA claims. However, plaintiff alleges in his complaint that he is a qualified individual under both the Rehabilitation Act and the ADA, that he has been denied reasonable accommodations, and therefore has been denied the full benefits of a public education, and that it was because of his disability that he was denied such an education. Read liberally and in the light most favorable to plaintiff, the complaint does state a claim for disability discrimination under the Rehabilitation Act and the ADA.[6]

**G. 42 U.S.C. §1983**

In order to prevail on a 42 U.S.C. §1983 claim, a plaintiff must show that a person acting under the color of state law caused the deprivation of a federal right. Scheeler v. City of

---

[6]As was decided in J.T. v. Mo. State Bd. of Educ., Case No. 4:08CV1431-RWS, 2009 WL 262094, at *8-10 (E.D. Mo. Feb. 4, 2009), although plaintiff does not specify under what sections of the Rehabilitation Act and the ADA he asserts his claims, it is clear his claims may only be brought pursuant to §504(a) of the Rehabilitation Act and Title II of the ADA. Accordingly, the Court will not dismiss plaintiff's claims for failure to allege the specific statutory provisions under which he seeks relief. Furthermore, the State defendants argue they are entitled to Eleventh Amendment immunity from money damages under the ADA. However, the ADA creates a private cause of action against state actors for conduct that actually violates the Fourteenth Amendment. United States v. Georgia, 546 U.S. 151, 159 (2006). This is a case-by-case determination, and the Court will not at this time find that the State defendants are entitled to Eleventh Amendment immunity.

St. Cloud, 402 F.3d 826, 830 (8th Cir. 2005) (citing Harrison v. Springdale Water & Sewer Comm'n, 780 F.2d 1422, 1426 (8th Cir. 1986)). It is well established that a State is not a "person" liable for suit within the meaning of 42 U.S.C. §1983. See Will v. Mich. Dept. of State Police, 491 U.S. 58, 64 (1989). "[T]he State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under §1983 in either federal court or state court." Howlett v. Rose, 496 U.S. 356, 365 (1990).

The State defendants argue that a state agency is not considered a person under 42 U.S.C. §1983, and consequently, none of the State defendants, regardless of whether they are considered one entity or three entities, can be sued pursuant to 42 U.S.C. §1983. The Court agrees. The Missouri Board of Education, Missouri Department of Elementary and Secondary Education, and State Schools for the Severely Handicapped are all state agencies and are not persons for purposes of 42 U.S.C. §1983. Accordingly, plaintiff's 42 U.S.C. §1983 claim against the State defendants will be dismissed.

However, in this Circuit, "[a] school district may be considered a 'person' for purposes of §1983 liability." Stephenson v. Davenport Comy. Sch. Dist., 110 F.3d 1303, 1306 n.2 (8th Cir. 1997). As it is alleged that defendant Dunklin is a public school district located in Jefferson County, Missouri, the Court will not dismiss plaintiff's 42 U.S.C. §1983 claim asserted against it.

For the above stated reasons,

**IT IS HEREBY ORDERED** that defendants Missouri Board of Education, Missouri Department of Elementary and Secondary Education, and State Schools for the Severely Handicapped's motion to dismiss [Doc. #11] is granted in part and denied in part as follows.

**IT IS FURTHER ORDERED** that defendants Missouri Board of Education, Missouri Department of Elementary and Secondary Education, and State Schools for the Severely Handicapped's motion to dismiss is granted with regard to Count IV of plaintiff's complaint, and is denied in all other respects.

**IT IS FURTHER ORDERED** that Dunklin R-V School District's motion to dismiss [Doc. #15] is denied.

**IT IS FURTHER ORDERED** that Dunklin R-V School District's supplemental motion to dismiss [Doc. #26] is denied.

Dated this __18th__ day of August, 2009.

                                                  /s/Donald J. Stohr
                                                  UNITED STATES DISTRICT JUDGE